**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1281**

WEI DING,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General of the United States,

        Respondent.

Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 30, 2016    Decided: December 20, 2016

Before WILKINSON, NIEMEYER and WYNN, Circuit Judges.

Petition for review dismissed in part and denied in part by unpublished per curiam opinion.

David K. S. Kim, LAW OFFICE OF David K. S. Kim, P.C., Flushing, New York, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Paul Fiorino, Senior Litigation Counsel, Matthew B. George, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wei Ding, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his requests for asylum, withholding of removal and cancellation of removal.*

Ding first challenges the agency's determination that his asylum application is time-barred and that no exceptions applied to excuse the untimeliness. See 8 U.S.C. § 1158(a)(2)(B) (2012); 8 C.F.R. § 1208.4(a)(2) (2016). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2012), and find that Ding has not raised any claims that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Accordingly, we dismiss the petition for review with respect to the asylum claim.

Regarding Ding's request for withholding of removal, we have thoroughly reviewed the record and conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision, INS

---

* On appeal, Ding does not challenge the denial of relief under the Convention Against Torture or the denial of his application for adjustment of status.

2

v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Accordingly, we deny the petition for review in part for the reasons stated by the Board. See In re Ding (B.I.A. Feb. 19, 2016). Ding next disputes the agency's denial of his application for cancellation of removal due to Ding's failure to establish exceptional and extremely unusual hardship to a qualifying relative. Upon review, we find that we lack jurisdiction to review Ding's claims. See Sorcia v. Holder, 643 F.3d 117, 124-25 (4th Cir. 2011) (finding no jurisdiction to review discretionary denial of cancellation of removal absent constitutional claim or question of law). Finally, our review discloses no abuse of discretion in the agency's denial of Ding's motion to change venue, and no prejudice flowing from that decision or any alleged bias demonstrated by the Immigration Judge in the course of proceedings. Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008).

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
DENIED IN PART

3